### MATHOT v. NORTH RIVER BANK.

*(City Court of New York, Special Term. May 6, 1889.)*

INTERPLEADER—WHEN ALLOWED.

Where an attachment against a debtor was served on a bank on the same day that the debtor deposited money there, a motion by the bank, in an action against it

by the assignee of the amount so deposited, that the assignee and attaching creditor interplead, on the ground that the bank did not know, and could not ascertain, whether the deposit was made before or after the attachment was served on it, will be denied, as it was the bank's duty to know how much money was to the debtor's credit at time of the service.

Action by Louis Mathot against the North River Bank.

John Sharp and others procured an attachment in this court against the property of Henry A. Gentil for $372.92, and caused a copy thereof, with the proper notice, to be served on the defendant March 23, 1889. On that day Gentil deposited with the defendant $120, which made his account $132.67. On March 25, 1889, Gentil drew a check to the plaintiff for $120, and executed to him an assignment of the fund on deposit to that extent. The plaintiff sues to recover the $120, and the defendant moves to interplead the attaching creditors,' and to be discharged from liability on paying the fund in court. The motion is based on the allegation that the defendant does not know, and cannot ascertain, at what hour the $120 was deposited,—whether before or after the service of the attachment.

*M. R. Jones*, for the motion.   *W. Lindner*, for plaintiff.   *J. M. McGee*, for attaching creditors.

McADAM, C. J.  The defendant was bound to know how much money it had on deposit to the credit of Gentil at the time the attachment was served, so as to be able to give a truthful certificate thereof. Code, §§ 650, 651. Its neglect to perform this duty estops it from alleging its ignorance of the fact which performance would have made known. 1 Wait, Pr. 170. If the defendant had performed its duty, it could have determined for itself the question it now seeks to have determined by others at their expense. The attachment only bound the money which the defendant had on deposit when the attachment was served. A subsequent deposit could be reached only by a new service of the attachment. Code, § 644. In applying this provision to the present case it must be remembered that the law, as a rule, does not regard the fractional parts of a day, except to prevent injustice, and to determine the priorities of acts done or liens secured, in which case the hour may become material. The conflicting claims to the fund on deposit did not arise on the same day, so that the defendant ought to be able to determine its legal rights and liabilities without resorting to interpleader. However this may be, the defendant can gain nothing by its neglect; and, if the hour is material, it is its own fault that it did not make a note of it at the time. For these reasons the motion for interpleader will be denied, without costs.